UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Local 49 IUOE Health and Welfare Fund and Central Pension Fund,

Plaintiffs,

v.

Seegmiller Rock Products, Inc. and Gary Seegmiller,

Defendants.

Civil No. 00-1217 JMR/FLN

NOTICE OF FINAL PRETRIAL AND SETTLEMENT CONFERENCE

---

MITCHELL W. CONVERSE, Esq., JENSEN, BELL, CONVERSE & ERICKSON, for plaintiffs.

DAVID A. JOERG, Esq., JOERG LAW OFFICE, for defendants.

---

The above-referenced case is assigned to Judge Rosenbaum for trial. A settlement and final pretrial conference will be held on March 21, 2001, at 2:00 p.m., before the undersigned at 9W United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to settle the case upon the opposing party's last stated settlement terms. If the party representative has a lesser limit, or "cap" on his or her authority, this requirement is not satisfied. If an insurance company is required to defend or indemnify any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

FILED FEB 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit, at least one week before the date of the settlement conference, a letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position. The letter shall be submitted in camera directly to the magistrate judge and need not be served on adverse parties. The content of the letter is privileged under Fed.R.Evid. 408 and will be used by the magistrate judge only to evaluate the likelihood of settlement and to facilitate the settlement discussion. Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed. Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

If the case cannot be settled, the case will be placed on Judge Rosenbaum's April trial calendar. A final pretrial order in a form substantially identical to the enclosed proposed order will be adopted. The parties shall be prepared to address all of the matters covered by the proposed final pretrial order.

DATED: February 13, 2001.

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

non-jury

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil JMR/FLN

Plaintiff,

v.

FINAL PRETRIAL ORDER

Defendant.

---

This matter came on for a final pretrial conference before this court on .

Based on Rule 16, Federal Rules of Civil Procedure (Fed.R.Civ.P.), the files and documents herein, and the representations of counsel, IT IS HEREBY ORDERED that:

1. On or before , the parties, by their respective counsel, shall jointly prepare and deliver to the court Exhibit 1, a statement of the agreed facts of this case in a form adoptable for use as findings of fact. Exhibit 1 will be substantive evidence in the case. Appended to Exhibit 1 shall be a list of exhibits to be introduced into evidence at the trial, numbered serially from 2 through . Those exhibits shall be agreed to be admissible. They will be admitted and placed in the trial record upon the first reference to the particular exhibit by any party. No other motion or reference to admission need be made. Except as set forth in Exhibit 1, no further evidence as to the agreed facts may be entered into the record at trial.

2. On or before , counsel for each side shall submit a concise statement of its case-in-chief. This statement shall also be in the form of Findings of Fact and Conclusions of Law.

The trial shall be limited to those issues which are in dispute. Appended to the statement shall be a list of exhibits. Exhibit numbers through shall be reserved to plaintiff, and exhibit number 36, and continuing as needed, shall be reserved to defendant. The exhibit list shall separately identify those exhibits the party expects to offer and those which the party may offer if the need arises.

3. On or before , any party seeking to offer evidence by deposition shall so advise the opposing parties. Upon such notice, the parties are directed to prepare a joint agreed statement, in narrative form, of the testimony which would be given by the deponent if called as a witness at trial. The agreed statement is not a concession of the admissibility or the factual accuracy of the deponent's testimony. Absent prior leave of court, no deposition testimony may be offered except as provided herein.

4. On or before , each party shall simultaneously exchange and file with the court a list disclosing (i) any objections, together with the grounds therefore, to the use under Rule 32(a) of any deposition designated by another party and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of any exhibit identified by another party. The list shall note separately as to each such objection the precise evidence to which objection is made, the applicable rule or case law which governs the objection. Objections not disclosed in accordance with the terms of this paragraph shall be deemed waived unless excused by the court for good cause.

5. On or before , each party shall exchange and file with the court any motions in limine. Each such motion shall specifically identify the relief sought and shall be accompanied by a memorandum of law, and a proposed order. No party may submit more than three (3) motions in limine. No brief in support of, or in opposition to, such motion shall be longer than

three (3) pages in length, nor may reply briefs be submitted.

6. On or before , each party shall simultaneously exchange and file with this court a complete list of witnesses to be called during its own case-in-chief. As to each witness, there shall be a short statement as to the substance of the testimony. The list shall separately identify those whom the party expects to present and those whom the party may call if the need arises.

7. For witnesses proposed to be experts, the parties are directed to append to Exhibit 1 copies of the curriculum vitae of each such expert. Absent specific leave of court, the expert may not present more than five minutes of professional qualification. It is anticipated that in most cases the parties will stipulate to expertise, although in appropriate cases voir dire or cross-examination of an expert's qualification may be permitted; said examination may go beyond the direct oral testimony as to qualification.

8. All lists of exhibits and witnesses shall be provided to the court on an Exhibit and Witness List form. A blank form is enclosed and may be photocopied for your use. All documents submitted pursuant to this order shall be directed to:

Clerk, U. S. District Court
ATTN: Larry Lewis
300 South Fourth Street, 15E
Minneapolis, MN 55415

9. This case will be considered ready for trial on and after .

DATED: ________________

________________________
FRANKLIN L. NOEL
Chief Magistrate Judge